UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN BOWLES, *et al*.,

    Plaintiffs,

v.

Case No.: 22-11311
Honorable Gershwin A. Drain

GOVERNOR GRETCHEN
WHITMER, in her official capacity, *et al*.,

    Defendants.
_____/

### OPINION AND ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) [#11] AND DISMISSING ACTION

**I.    INTRODUCTION**

Plaintiffs Glenn Bowles, Kenneth Franks and Robert Gardner are litigants in cases either pending in or decided by the Michigan Court of Claims ("MCOC"). They challenge the constitutionality of the Michigan Court of Claims Act ("MCOCA"), MICH. COMP. LAWS § 600.6401 *et seq*., and bring Due Process and Equal Protection claims. They seek a declaratory judgment declaring the MCOCA unconstitutional.

Now pending before the Court is the Defendants, Michigan Governor Gretchen Whitmer's and Michigan Attorney General Dana Nessel's, Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), filed on August 11, 2022. Plaintiffs filed their Response on October 3, 2022, and Defendants filed their Reply on October 17, 2022. On November 26, 2022, Plaintiffs sought leave of Court to file a Sur-Reply, which the Court granted on December 22, 2022. Plaintiffs filed their Sur-Reply on December 30, 2022. On March 6, 2023, the Court granted the Plaintiffs' Motion to Supplement their Response to the Defendants' Motion to Dismiss.

Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the Defendants' motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants the Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

### A. State Court Lawsuits

#### 1. Bowles and Franks

Both Plaintiffs Bowles and Franks are former adjunct instructors at the Macomb Police Academy ("MPA"), which is administered by the Macomb Community College. Bowles and Franks claim they were wrongfully terminated or disciplined after cadets accused them of inappropriate touching and sexual harassment. On June 7, 2021, they filed suit in the Macomb County Circuit Court against the Michigan Commission on Law Enforcement Standards ("MCOLES")

and Danny Rosa, a manager at MCOLES. These claims were transferred to the MCOC on March 9, 2022 by stipulated order. On April 14, 2022, the defendants filed a motion to dismiss. The MCOC granted the motion to dismiss on August 3, 2022. Bowles and Franks filed an appeal in the Michigan Court of Appeals, which remains pending.

### 2. Gardner

Plaintiff Gardner is a former employee of Michigan State University. In September of 2020, Gardner sued the University in the Ingham County Circuit Court alleging the University and its administrators have been engaged in a thirty-year vendetta against him because he is an advocate on behalf of migrant workers and their efforts to unionize. The action was transferred to the MCOC. The MCOC transferred Gardner's claims under the Elliott-Larsen Civil Rights Act ("ELCRA") back to the Ingham County Circuit Court but retained jurisdiction over his remaining claims.

Gardner's remaining claims included claims for quasi-contract, promissory estoppel, intentional infliction of emotional distress and tortious interference with business relationship. Gardner filed a Motion for Reconsideration arguing the MCOC could not exercise jurisdiction over these claims because they were pled against state employees named in their individual capacities. The MCOC denied Gardner's Motion for Reconsideration and granted the MSU defendants' motion

for summary disposition concerning the quasi contract and tort claims. Gardner filed a claim of appeal.

On December 29, 2022, the Michigan Court of Appeals affirmed the MCOC's order granting summary disposition in favor of the state defendants on Gardner's claims. The Michigan Court of Appeals rejected Gardner's argument that the MCOC should have transferred these claims back to the circuit court because they were brought against the defendants in their "individual capacities," concluding his claims concerned actions undertaken during the course and scope of employment. The Michigan Court of Appeals therefore held the MCOC has exclusive jurisdiction over these claims "despite how Gardner has attempted to label his claims." Gardner has filed an application for leave to appeal in the Michigan Supreme Court, which is currently pending. The status of Gardner's ELCRA claims in the Ingham County Circuit Court is not clear from the record.

### B. The 2020 Federal Lawsuit

Prior to filing suit in the state court, specifically in December of 2020, Plaintiff Bowles filed suit in this Court raising claims for procedural and substantive due process, as well as state law claims against the MPA, and other State entities and employees stemming from his termination from employment. *See Bowles v. Macomb Community College*, 558 F. Supp. 3d 539 (E.D. Mich. 2021)(the "2020 Lawsuit"). The district judge assigned to that case declined

supplemental jurisdiction over some of Bowles' state law claims. In September of 2021, the Court found in favor of some of the defendants on Bowles' procedural and substantive due process claims. *Id*. On February 16, 2023, Plaintiff Bowles stipulated to the dismissal of the remaining substantive due process claims asserted against Macomb County Undersheriff, Elizabeth Darga, and the Macomb County Sheriff's Office, with prejudice.

### C. The MCOC

In 1978, the Legislature assigned the MCOC to the thirtieth judicial circuit, which encompasses Ingham County. *Okrie v. State of Michigan*, 857 N.W.2d 254, 259 (Mich. App. 2014)( The MCOC "reflects the state's waiver of sovereign immunity from suit and submission to a court's jurisdiction."). Under that version of the MCOCA, Ingham County circuit court judges could exercise MCOC jurisdiction. *Id.* In 2013, the Legislature moved the MCOC to the Michigan Court of Appeals. *See* Mich. Comp. Laws § 600.6419(1). Under those revisions to the MCOCA, cases in the MCOC are heard by one of four Court of Appeals judges, coming from at least two Court of Appeals districts, who have been appointed by the Michigan Supreme Court to serve two-year terms on the MCOC. MICH. COMP. LAWS § 600.6404(1), (6), (9).

With limited exceptions, the MCOC has exclusive jurisdiction over a wide variety of claims asserted against the State and its departments. MICH. COMP. LAWS § 600.6419(1). More specifically, it has the jurisdiction:

> (a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.
> (b) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ that may be pleaded by way of counterclaim on the part of the state . . . .
> (c) To appoint and utilize a special master as the court considers necessary.
> (d) To hear and determine any action challenging the validity of a notice of transfer described in section 6404(2) or (3).

MICH. COMP. LAWS § 600.6419(1).

One exception to the MCOC's exclusive jurisdiction, stated in MICH. COMP. LAWS § 600.6421, concerns the right to a trial by jury. That provision states that the MCOCA does not deprive "the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state . . . ." MICH. COMP. LAWS § 600.6421(1). A party who asserts a right to a jury trial may have that claim heard by the appropriate circuit, district, or probate court. *Id.* The MCOC itself does not conduct jury trials. MICH. COMP. LAWS § 600.6443.

### D. Current Lawsuit

In their present action, Plaintiffs assert that placing the MCOC in the Michigan Court of Appeals violates due process and the right to access the courts because aggrieved litigants must appeal an unfavorable decision from the MCOC to the Court of Appeals. Because the Court of Appeals judges are colleagues of the judges whose decisions they review, Plaintiffs assert appellants are deprived of review by a neutral and unbiased decision-maker. Plaintiffs also assert that placing the MCOC in the Court of Appeals violates the Equal Protection Clause because the MCOCA "provides a different procedure for appellate review of claims" filed against the State and precludes litigants who sue the State from having a trial by jury, compared with litigants who sue non-state defendants.

### III. LAW & ANALYSIS

### A. Standard of Review

The standard of review for a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction depends on whether the defendant makes a factual or facial challenge to subject-matter jurisdiction. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack challenges the jurisdictional facts set forth in the complaint, and thus forces the district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id*. A facial attack on subject-matter

jurisdiction, by contrast, does not challenge the factual allegations, but challenges the jurisdictional sufficiency of the complaint given those facts. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a facially plausible claim to relief. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts the plaintiffs' factual allegations as true, but it is not required to accept the plaintiff's legal conclusions. *Ashcroft,* 566 U.S. at 678-79.

### B. Standing

Defendants first argue the Court lacks subject matter jurisdiction over Plaintiffs' claims because they lack standing. Defendants maintain Plaintiffs have not alleged an injury-in-fact because their claimed injury is not particularized. Defendants assert Plaintiffs' allegations are the quintessential example of a "harm" that affects the entire citizenry in general. Even assuming the truth of their allegations, Defendants maintain Plaintiffs have failed to plead sufficient facts to establish an injury-in-fact and, therefore, this case should be dismissed under Fed. R. Civ. P. 12(b)(1).

In order to have Article III standing, the plaintiff must claim to have suffered an injury-in-fact, meaning his injury is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw*

*Env't Servs.*, 528 U.S. 167, 180 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way . . . not in a general manner that affects the entire citizenry[.]" *Gerber v. Herskovitz*, 14 F.4th 500, 506 (6th Cir. 2021) (citing *Lujan*, 504 U.S. at 560 n.1).

Plaintiffs mischaracterize Defendants' standing argument in their response brief. *See* ECF No. 13, PageID.100. The Court agrees that Plaintiffs' allegations are insufficient because they do not explain how Plaintiffs are harmed in a "personal and individual way [,]" as opposed to being harmed "in a general manner that affects the entire citizenry[.]" Therefore, Plaintiffs lack standing and this Court does not have jurisdiction over their claims.

### C. Res Judicata

Defendants also argue the 2020 Lawsuit bars Plaintiff Bowles' constitutional challenges to the MCOCA because he should have raised his present claims in the 2020 Lawsuit. Defendants assert Bowles should have challenged the district judge's decision to decline supplemental jurisdiction over his state law claims by arguing the MCOCA suffers from the same constitutional infirmities he now raises before this Court.

Claim preclusion prevents parties from litigating matters that "should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*,

9

465 U.S. 75, 77 n.1 (1984). To establish claim preclusion, the defendants need to show (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies," (3) an issue in the second lawsuit that should have been raised in the first; and (4) the claims in both lawsuits arise from the same transaction. *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted).

The Court agrees Plaintiff Bowles should have raised the present constitutional challenges to the MCOCA in his 2020 Lawsuit. The Legislature passed its current iteration of the MCOCA in 2013. When the Court declined supplemental jurisdiction over his state law claims, Bowles should have raised the claims he brings now. Additionally, both lawsuits involve the "state itself" as the defendant, and both arise from the same transaction. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Lastly, there has been a final judgment in the 2020 Lawsuit.

### D. Due Process (Count I)

Even if the Plaintiffs adequately alleged a particularized injury-in-fact and Plaintiff Bowles' claims were not barred by res judicata, Plaintiffs' due process claim still fails. In *Okrie*, the Michigan Court of Appeals considered and rejected a virtually identical due-process attack on the MCOCA. Specifically, the Court found "no direct bias in the appellate review procedure established by [the public

10

act transferring the MCOC to the Court of Appeals]." *Okrie*, 857 N.W.2d at 270. Recognizing that "[t]he statute essentially requires Court of Appeals judges to review the work of their colleagues," the Court rejected the notion that MCOC judges would review their own work while serving on a Court of Appeals panel. *Id.* Although the Legislature did not prohibit Court of Appeals judges from reviewing their own decisions, the *Okrie* Court observed that the Court of Appeals' internal operating procedures prevent MCOC judges from reviewing their own decisions. *Id.*

The *Okrie* court also rejected the argument that reviewing a colleague's decision presented a risk of actual bias so high that providing due process would prohibit that practice. *Id*. (citation omitted). According to the Court, housing appellate review of MCOC cases in the same court where cases are heard at the trial level "does not amount to such an extreme case as to require recusal of all Court of Appeals judges under the Due Process Clause." *Id.* at 272 (citing *Caperton v. AT Massey Coal Co. Inc.*, 556 U.S. 868, 887 (2009)). Although Plaintiffs assert the *Okrie* court did not decide whether the structure of the MCOCA violates due process, that is incorrect. To the contrary, the *Okrie* Court concluded the MCOCA does not present a risk of potential bias that is sufficient to violate due process, *Okrie*, 857 N.W.2d at 270-72.

Here, Plaintiffs fail to state a claim that the MCOCA violates the Due Process Clause. Plaintiffs must establish that the MCOCA's structure "create[s] a conclusive presumption of actual bias." *United States v. Lowe*, 106 F.3d 1498, 1504 (6th Cir. 1997). General allegations of bias or prejudice are insufficient to establish a constitutional violation. *See Aetna Life Ins. Co. v. Lavole*, 475 U.S. 813, 821 (1986). And "most matters relating to judicial qualification d[o] not rise to a constitutional level." *See Railey v. Webb*, 540 F.3d 393, 412 (6th Cir. 2008).

The Supreme Court has found a due-process violation based on a presumption of bias when the judge (1) has a particular pecuniary interest in the outcome of the case; (2) has a conflict because of participating in an earlier proceeding; or (3) has been subject to personal abuse by the party before him or her, such as in a contempt proceeding. *See Caperton v. AT Massey Coal Co., Inc.*, 556 U.S. 868, 877-81 (2009). When reviewing this type of due process claim, the Court examines, "under a realistic appraisal of psychological tendencies and human weakness," whether the interest at issue "poses such a risk of actual bias or prejudgment that the practice must be forbidden . . .." *Id.* at 883-84 (internal quotation omitted).

The MCOCA's structure does not fall into the three limited categories where the Supreme Court has found a presumption of bias violating due process. Plaintiffs' theory is not supported by the cases they rely on. In *Aetna Life Ins. Co.*

*v. Lavole*, the Court decided that a justice should have recused himself from a case because he had a similar claim pending against another insurance company. His failure to do so violated due process because he was acting as "a judge in his own case;" his decision "enhance[ed] both the legal status and the settlement value of his own case." 475 U.S. at 823-24. His "direct, personal, substantial, [and] pecuniary" interest in the outcome of the case would "offer a possible temptation to the average . . . judge to . . . lead him to not to hold the balance nice, clear and true." *Id.* at 824-25 (quotation omitted). As such, his participation violated due process. *Id.* The MCOCA's structure presents no such direct, personal, financial motivation for COA judges. The fact that the appellate panel members and the trial court judge are colleagues does not presumptively inflict Court of Appeals judges with the same temptation presented in *Aetna*.

Plaintiffs also rely on a case that did not involve due process question. *See Schmidt v. United States*, 115 F.2d 394 (6th Cir. 1940). Rather, the *Schmidt* court considered whether the judge should have recused himself "on the ground that judicial impartiality had been blurred by personal factors" after the defendants, attorneys for individuals in grand jury proceedings, filed affidavits in those proceedings accusing the judge of misconduct. *Id*. at 397-98. The attorneys were subsequently charged with contempt of court based on their representations, and the Sixth Circuit held that the contempt case should have been heard by a different

13

judge because "[e]ven a judge may not put aside the propensities of human nature as easily as he does his robe." *Id.* at 395, 398. A COA judge's potential for bias in favor of a colleague's decision does not approach a trial judge's potential for bias against a litigant who has accused him of misconduct.

Plaintiffs have failed to establish that the MCOCA violates the Due Process Clause and, therefore, they have failed to establish its facial invalidity. Accordingly, their due process claim fails for this additional reason and Count I will be dismissed.

### E. First Amendment (Count II)

The First Amendment guarantees the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. That includes a constitutional right of access to the courts. *Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020). Here, Plaintiffs claim that they are being denied access to the courts because of the due process claim they raise in Count I. Because the Court concludes that claim lack merits for the reasons set forth above, Count II is also subject to dismissal on the merits.

### F. Equal Protection (Counts III and IV)

Finally, Plaintiffs allege the MCOCA violates Equal Protection because only litigants against the State are required to have appeals decided by colleagues of lower-court judges. "The Equal Protection Clause does not forbid classifications.

It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "[A] valid equal-protection claim requires showing that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Reform America v. City of Detroit, Michigan*, 37 F.4th 1138, 1152 (6th Cir. 2022).

Here, there is no fundamental right to sue the State of Michigan. The opposite is true—Michigan cannot be sued unless it consents. Moreover, individuals who sue the State of Michigan are not a "suspect class." Therefore, Plaintiffs' allegations are subject to rational-basis scrutiny. *Reform America*, 37 F.4th at 1152. To survive rational basis scrutiny, the statute need only be "rationally related to legitimate government interests." *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 501 (6th Cir.2007) (internal quotation marks and citation omitted). The law "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Comm'ns, Inc.*, 508 U.S. 307, 313 (1993) (emphasis supplied).

The Legislature's decision to house the Court of Claims within the Michigan Court of Appeals survives rational basis scrutiny. It was rational for the

15

Legislature to expand the locations where persons state-wide may file actions against the State from only Ingham County Circuit Court to the four Court of Appeals district offices. Likewise, it was rational for the Legislature to expand the residency of MCOC judges from merely Ingham County to at least two of the four Court of Appeals districts to better serve Michigan's diverse population. *See* MICH. COMP. LAWS §§ 600.6404; 600.302.

Plaintiffs also allege the MCOCA violates the Equal Protection Clause because it deprives litigants against the State of the right to a jury trial. However, MICH. COMP. LAWS § 600.6421 provides an exception to the Court of Claims' exclusive jurisdiction. That provision states that the MCOCA does not deprive "the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state[.]" MICH. COMP. LAWS § 600.6421(1). A party who asserts a right to a jury trial may have that claim heard by the appropriate circuit, district, or probate court. *Id.*

For these reasons, Counts III and IV fail to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)[#11] is GRANTED.

SO ORDERED.

Dated: March 30, 2023               /s/Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager